634

BRITTON MOTOR SERVICE et al. v. DAM-
MANN, Secretary of State of Wisconsin,
et al. (SCHULTZ, Intervener).

No. 2299.

District Court, W. D. Wisconsin.
April 25, 1936.

C. R. Dineen, of Milwaukee, Wis., for plaintiffs.

J. E. Finnegan, Atty. Gen. of Wisconsin, Joseph G. Hirschberg, Deputy Atty. Gen. of Wisconsin, Leon E. Isaacson, Asst. Atty. Gen. of Wisconsin, and Alvin C. Reis, Chief Counsel, Public Service Commission of Wisconsin, of Madison, Wis. (Philip H. Porter, of Madison, Wis., of counsel), for defendants.

Frederic W. Crosby, of La Crosse, Wis., and Amos M. Mathews, of Sioux City, Iowa, for intervener.

Before EVANS, Circuit Judge, and BARNES and STONE, District Judges.

PER CURIAM.

This cause came on regularly to be heard before this court duly convened in accordance with the provisions of the statutes applicable thereto, on the 1st day of April, 1936, at Madison, Wis., pursuant to the application of plaintiffs for an interlocutory injunction to enjoin defendants from enforcing the provisions of sections 194.04 (2), 85.01, and 85.05, Wisconsin Statutes; and the plaintiffs having filed an amended complaint at the time of said hearing, defendants filing a motion to dismiss, and defendant Public Service Commission filing a separate answer; and the parties stipulating in open court that the cause may be submitted for final determination upon the pleadings, affidavits, and briefs on file, and to be filed as directed by this court; and C. R. Dineen, Esq., appearing for the plaintiffs, James E. Finnegan, Attorney General, Leon E. Isaacson, Assistant Attorney General, Alvin C. Reis, Chief Counsel, Public Service Commission of Wisconsin, and Philip H. Porter appearing on behalf of the defendants, and Frederic W. Crosby and Amos M. Mathews appearing for the intervener; and the cause having been fully argued by counsel and the briefs having been filed as directed; and, being advised in the premises, now then this court, pursuant to Equity Rule 70½ (28 U.S.C.A. following section 723), makes the following findings of fact and conclusions of law:

Findings of Fact.

1. Plaintiffs and intervener are common carriers engaged in interstate transportation of freight by motor vehicle to and from points outside the state of Wisconsin into and through the state of Wisconsin.

2. That the defendants Theodore Dammann and Robert K. Henry are, respec-

tively, the secretary of state and the state treasurer of the state of Wisconsin.

3. That the defendants Andrew R. McDonald and Fred S. Hunt are members of the public service commission of the state of Wisconsin.

4. That the defendants are charged, under the statutes of the state of Wisconsin, with the enforcement of sections 85.01, 85.05 (2) (a) and (b), 194.04 (2), Wisconsin Statutes.

5. That the intervener, Earl F. Schultz, doing business under the firm name and style of Service Transfer & Storage Company, is a citizen of Wisconsin residing at La Crosse, and is now, and has been for more than two years, engaged in business as common carrier of freight by motor vehicle under said firm name, with his principal place of business at La Crosse, Wis., and is authorized to engage in the business of transporting merchandise and property as a common carrier for hire by motor vehicle in interstate commerce between Minneapolis-St. Paul, Minn., and Chicago, Ill., through and across the state of Wisconsin and upon public highways of Wisconsin.

6. Plaintiffs complain that section 194.04 (2), Wisconsin Statutes, which provides that the public service commission of Wisconsin may not issue a permit under the Motor Vehicle Law of the state, unless the registration fee, provided by 85.01, Wisconsin Statutes, is paid to the secretary of state of Wisconsin, is unconstitutional, because said registration fee, coupled with other taxes and fees paid to the state of Wisconsin, constitutes an undue burden on interstate commerce.

7. The registration fee, provided by section 85.01, Wisconsin Statutes, is graduated in size according to the weight and type of motor vehicle, but is a flat fee identical in amount as to all vehicles of the same weight and type, whether operated in intrastate commerce or interstate commerce or both.

8. The entire proceeds from the motor vehicle registration fee are applied to the use of highways in Wisconsin and no part thereof is allocated to any other purpose.

9. The amount of the registration fee in fact bears a relation to the use of the highways because all of said fee is a tax devoted exclusively to highway needs.

10. There exists in fact no discrimination against interstate commerce because all common carriers, whether interstate or exclusively intrastate, pay the same measure of fee for the same kind of vehicle.

11. The public service commission, in granting permits to interstate common carriers by motor vehicle, has not arbitrarily denied to any such carrier the use of any highways requested nor unreasonably confined any such carrier in its operations.

12. The public service commission grants permits to intrastate common carriers by motor vehicle, as well as to such interstate carriers, and each carrier's permit, whether interstate or intrastate, prescribes the routes of permitted travel.

13. The amount of the registration fee payable to the secretary of state is reasonable in amount and does not in fact constitute an unreasonable burden upon interstate commerce on a mileage basis or according to any other reasonable standard of measurement.

14. That the plaintiff Britton Motor Service, Inc., operates twenty-nine vehicles in the state of Wisconsin. The registration fees in question upon said vehicles, over a year's period of time for which the registration fees are paid, amount to 25 cents per vehicle per day. Plaintiff is authorized to operate such vehicle over 546 miles of highway in Wisconsin per day.

15. That the plaintiff Roosevelt Cartage Company at present is authorized to operate one tractor-trailer combination between Milwaukee, Wis., and the Illinois state line, a distance of 44 miles, through Racine and Kenosha. The registration fee in question on such tractor-trailer combination would amount to $112.50. Daily or more frequent trips are authorized. Assuming one round trip per day, or 88 miles in Wisconsin, this license fee amounts to 30 cents per day, or one-third of a cent per mile per day for such combination, which actually includes two vehicles.

16. That the records of the public service commission of Wisconsin do not disclose any authority granted to Hart Motor Express Company, a Minnesota corporation, but do disclose a certificate issued to George Hart authorizing him to operate upon the Wisconsin public highways

between the Minnesota and Illinois state lines, a distance of 435 miles of highway, daily, or more frequent as desired. Said Hart is authorized to operate three tractors and three trailers on which the license fees in question would amount to $455. Considering the said tractors and trailers as three complete combinations, the license fees in question would amount to 41 cents per day for each combination, or less than one-tenth of a cent per mile per day.

17. That the plaintiff Liberty Trucking Company, Inc., is authorized to operate three trucks, two tractors, and three trailers a distance of 112 miles over the Wisconsin highways from the Illinois state line to Janesville, Wis. The license fees in question on said eight vehicles would amount to $580. Daily operation, or more frequent as desired, is authorized, making the license fee on each of the eight vehicles amount to 20 cents per day, or less than one-fiftieth of a cent per mile per day.

18. That the plaintiff Werner Transportation Company is authorized to operate by various routes over the Wisconsin highways between Minnesota and Illinois, a distance of 1,720 miles of highway, daily or more frequent as desired; and is authorized to operate ten tractors and eleven trailers, upon which the license fees in question would amount to $2,903. Assuming a daily operation of each of said vehicles, the cost per vehicle per day is 38 cents. Spreading the license fee charges over the entire mileage authorized results in a charge of approximately one-fiftieth of a cent per day per vehicle for each mile authorized.

19. That the records of the commission disclose no authority issued to the plaintiff Glendenning Transfer Service, a Minnesota corporation, but do disclose that W. G. Glendenning is authorized to operate daily, or more frequently as desired, between Minnesota and Iowa and Illinois over the highways of Wisconsin by various routes, totaling 3,647 miles of highway. He is also authorized to operate as a contract motor carrier for various shippers over various routes. He is now authorized to operate three trucks, nineteen tractors, and twenty trailers, on which the total license fees in question would amount to $4,240. During the year 1934 (the figures last reported) said Glendenning operated in Wisconsin a total of 120,000 truck miles, 784,800 tractor miles, and 784,800 trailer miles. On the basis of the license fees payable for vehicles now operated and such mileage in 1934, the license fee charge per mile actually traveled by each vehicle is one-fourth of a cent.

20. That the plaintiff Noble Transit Company is authorized to operate between Minnesota and Illinois over the Wisconsin highways a distance of 317 highway miles, and in addition is authorized to operate as a contract carrier for various shippers over various other routes. Said plaintiff is now authorized to operate one truck, thirteen tractors, and nine trailers, on which the license fees in question would amount to $1,445. Plaintiff is authorized to operate daily, or more frequently as desired. Assuming daily operation of each of the said vehicles, the per day cost of said license fees per vehicle is 18 cents. Spreading this per day cost over the total mileage authorized for the common carrier route gives a figure of six-tenths of a cent per mile per day.

21. That the plaintiff Hennepin Transfer Company, a Minnesota corporation, is authorized to operate eight tractors and eight trailers between Minnesota and Illinois over the Wisconsin highways over routes comprising 1,162 miles of highway. The license fees in question would amount to $1,212.50. The charge per day for each tractor-trailer combination is 42 cents, or 21 cents per vehicle. In 1934 the plaintiff actually traveled in Wisconsin 280,-000 tractor-trailer miles, which, on the basis of the above license fees, would amount to four-tenths of a cent per tractor-trailer mile, or two-tenths of a cent per mile for an individual vehicle.

22. That the plaintiff Tony Consentino, doing business as O. K. Motor Service, is authorized to operate between the Illinois state line and certain points in Wisconsin, a total of 176 miles of highway. Said plaintiff is authorized to operate daily, or more frequently as he may desire. When applying for his original certificate he stated he desired to operate over said route three times each week. Said plaintiff is now authorized to operate one truck, on which the license fee in question would amount to $60. If said plaintiff operates said truck in Wisconsin 300 days per year, the license fee cost is 20 cents per day.

If said truck is operated 80 miles per day for 300 days, the license fee charge is one-fourth of a cent per mile.

23. That each of said plaintiffs is authorized by certificate of the public service commission of Wisconsin to operate over said routes regularly, and between fixed termini, as a common carrier for hire by motor vehicle of merchandise and property in interstate commerce; and each is engaged wholly in interstate commerce in operating over said routes.

24. Some of the plaintiffs here involved travel Wisconsin highways as much as 904,000 tractor-trailer miles per year.

25. The secretary of state's registration fee is as low as .4 cents per tractor-trailer mile for some plaintiffs herein.

26. The secretary of state's registration fee, plus other fees and taxes paid the state of Wisconsin, are as low as 1.6 cents per tractor-trailer mile for some plaintiffs herein.

27. Most of the plaintiffs operate between Minneapolis, St. Paul, Milwaukee, and Chicago.

28. Between Hudson, Wis. (near the Minnesota border), and Beloit, Wis. (close to the Illinois line), is a distance of 317 miles; and the distance between Hudson and the Illinois state line south of Milwaukee, Wis., is somewhat farther.

29. If each vehicle could be operated on the routes described in 28, supra, 300 miles per day—one trip up one day and back the next—for 300 days a year, the total distance traveled on Wisconsin highways would be 90,000 miles per year; and if only half of said trips were made, the travel mileage would be 45,000.

30. A tractor-trailer combination usually employed by plaintiffs weighs 32,000 pounds gross weight (tractor, 6,000; trailer, 26,000), and its flat tax and permit fees under the public service commission law would be $436, or less than one cent per mile of operation, assuming that only 45,000 miles are traveled per year; and if the secretary of state's registration fee is added, which is $150, then one-third of a cent per mile is thereby added; and taking all fees and taxes payable to the state of Wisconsin together, including the gasoline tax, the total tax burden does not exceed 2 cents per mile, upon the foregoing assumption; which for a 16-ton combination tractor-trailer, as usually employed by plaintiffs, is 1.25 mills per ton-mile of operation, which is reasonable.

31. The total registration fees payable by six out of the nine plaintiffs, herein involved, range from .75 to 2.36 per cent. of the last reported gross revenues of the respective carriers.

32. Plaintiffs offered no evidence in support of their bill of complaint, but did stipulate that the affidavits filed herein by defendants contained a true and correct statement of the reports made by plaintiffs to the public service commission of Wisconsin, as required by the commission.

Conclusions of Law.

1. Sections 194.04 (2), 85.01, and 85.05, Wisconsin Statutes, are constitutional.

2. The state of Wisconsin has the constitutional power to impose a flat registration fee for the use of its highways upon all motor vehicles engaged as common carriers, even though they are employed exclusively in interstate commerce.

3. The registration fee imposed by section 85.01, Wisconsin Statutes, is, as a matter of law, related to the use of the highways.

4. There is no discrimination, as a matter of law, against interstate commerce.

5. The registration fee payable to the secretary of state of Wisconsin is not, as a matter of law, an undue burden upon interstate commerce.

6. The registration fee payable to the secretary of state, together with other taxes and fees payable to the state of Wisconsin by common carriers by motor vehicles, do not constitute, as a matter of law, an undue burden upon interstate commerce.

7. There is no conflict between the requirements of the state of Wisconsin, herein involved, and the Federal Motor Carrier Act of 1935 (49 U.S.C.A. §§ 301–327).

8. The temporary restraining order should be dissolved, and the plaintiffs' application for a permanent injunction and other relief should be denied in all respects.

9. Plaintiffs have failed to sustain the burden of proof imposed upon them by law.